| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Barbara Ann Ledyard | **DEFANDANTS**<br>Nelnet, Inc., Nelnet Education Loan Funding, Inc., and Nelnet Servicing, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Cindy Domingue-Hendrickson, Esq.<br>Legal Aid Society of Mid-New York, Inc.<br>255 Genesee St., 2nd Floor, Utica, NY 13501<br>(315) 793-7033 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversary proceeding to determine dischargeability of student loan pursuant to 11 U.S.C. §523 (a)(8)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ none |

Other Relief Sought
none

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Barbara Ann Ledyard | BANKRUPTCY CASE NO.<br>13-60491-6-dd | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of New York | DIVISION OFFICE<br>Utica | NAME OF JUDGE<br>Diane Davis | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>6/24/13 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Cindy Domingue-Hendrickson, Esq. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: BARBARA ANN LEDYARD | ) |
| *Debtor* | ) Case No. 13-60491-6-dd |
| Address: 214 County Highway 44<br>Oneonta, NY 13820 | ) Chapter 7 |
| Social Security No. xxx-xx-8976 | ) |
| In re: BARBARA ANN LEDYARD | ) |
| *Plaintiff*, | ) |
| v. | ) |
| NELNET, INC., NELNET EDUCATION LOAN<br>FUNDING, INC. and NELNET SERVICING, LLC, | ) Adv. Proc. No. _____ |
| *Defendants*. | ) |

## COMPLAINT

Debtor, by and through the undersigned attorney, alleges as follows:

1. The Debtor filed this case under Chapter 7 of the Bankruptcy Code on March 27, 2013. This Court thus has jurisdiction over this action under 28 U.S.C. §1334. This proceeding is a core proceeding.

2. One of the unsecured debts owing by the Debtor and listed in Schedule F is a student loan (in two separate accounts) in the total amount of $60,947, owing to Defendants Nelnet, Inc., Nelnet Educational Loan Funding, Inc. and/or Nelnet Servicing, Inc. Debtor seeks a determination of dischargability from this Court based on undue hardship, pursuant to 11 U.S.C. §523(a)(8).

3.   Debtor is currently 46 years of age. The student loan at issue was incurred in 2001 to consolidate previous student loans that had allowed Debtor to attend college at SUNY Oswego for a bachelor's degree (1985-1990) and a two-year post-graduate program in computer science at RIT (approximately 1992-1993).

4.   Debtor was employed full-time at Kodak Corporation when, in 2004, she gave birth to a severely disabled son. The child's medical diagnoses include Down Syndrome, Autism, ADHD, febrile seizures and sleep apnea. While the child was still an infant, she was able to place him in daycare and continue working. However, by the time she was laid off from Kodak Corporation in 2006, he was a toddler and becoming extremely difficult to control. As a result, she could not find a daycare facility that would accept him, and could not return to work.

5.   Currently, at age 8, the Debtor's son is nonverbal and is not toilet trained. The child often refuses to drink or eat, causing him to be severely underweight for his age. In 2010, this problem was severe enough that placement of a feeding tube was contemplated. Behavioral problems include hyperactivity and throwing and destroying objects. He requires 24-hour adult supervision.

6.   Debtor cannot maintain, based on current income and expenses, even a minimal standard of living for herself and her son if forced to repay the student loans in question. Since 2006, Debtor has been unemployed due to the need to care for her son. The sole source of income for herself and the child is the child's SSI check and public assistance, which barely suffices for the necessities of life.

7.   Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans:

a.  The child's father resides in Rochester, New York and rarely if ever visits the child. When the parties divorced in 2010, due to domestic violence perpetrated upon the Debtor, the child's father was court-ordered to pay child support in the amount of $94.20 per week. The father pays only sporadically, and has not made any payments at all since November 2012. However, even when he does pay, the payments are counted dollar-for-dollar against the child's SSI check (after a $20 disregard), providing only $20 per month net in extra funds to the household. Upon information and belief, the child's father is also currently unemployed, and may be receiving disability benefits and/or public assistance as well.

b.  Debtor has been exempted from all work activities by the Otsego County Department of Social Services, due to her need to provide 24-hour supervision of her son. The child receives only 5 hours of school per day at a day program, and Debtor lives in a very small trailer across from the day school, so she can be available in case of emergencies. Debtor receives no home care, respite care or other services for the child, despite persistent efforts to apply for such services.

c.  The Debtor has no current or anticipated available income or resources with which to pay the aforementioned loans, and any payments on said loans could be made only at great hardship to the Debtor and her severely disabled child. As evidenced by Debtor's Schedules B and C, Debtor has no assets other than a very sparse amount of household belongings and clothing (much of which is second-hand and/or broken), and two late model vehicles (one of which is completely inoperable).

d.  As Debtor's son will be severely disabled all his life, her student loan obligation to Defendants continues to condemn her and her son to a life of impoverishment, with no hope of repayment as negative amortization continues to increase the principal balance.

e.  After twenty years, the computer science education for which Debtor obtained the student loans in question is completely obsolete.

8.  Debtor has made good faith efforts to repay the loans, for over twenty years. Debtor has never defaulted on her current or past student loans, making payments while employed at Kodak Corporation and obtaining hardship deferments when unemployed. Debtor is currently on the Income Based Repayment plan, which is resulting in negative amortization.

WHEREFORE, the Debtor prays that this Court enter an Order declaring the student loan debt of the Debtor to be dischargeable in this bankruptcy case.

Dated: June 24, 2013

LEGAL AID SOCIETY OF MID-NY, INC.
By: Cindy Domingue-Hendrickson, Esq.
Attorney for Debtor
255 Genesee Street, 2nd Floor
Utica, NY 13501
Tel.: (315) 793-7033
Fax: (315) 732-3202
E-mail: cdh@wnylc.com
Bar Roll No. 601866